United States Bankruptcy Court
Southern District of Florida

In re:  
Nubia Marcella Perez  
    Debtor

Case No. 18-15825-AJC  
Chapter 11

## CERTIFICATE OF NOTICE

```
District/off: 113C-1          User: snipesj            Page 1 of 1           Date Rcvd: Oct 05, 2018
                              Form ID: pdf004          Total Noticed: 3
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 07, 2018.
```
db            +Nubia Marcella Perez,   5559 NW 36 Ave,   Miami, FL 33142-2709
              +Florida Bar,   651 E Jefferson St,   Tallahassee, FL 32399-2300
              +Honorable Alexander Bokor,   County Court Judge,   73 West Flagler St,   Miami, FL 33130-1731
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                TOTAL: 0

      ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 07, 2018                                           Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 5, 2018 at the address(es) listed below:
```
              Howard S Toland    on behalf of Creditor    Valley National Bank htoland@mitrani.com
              Howard S Toland    on behalf of Creditor    Newtek Small Business Finance Inc htoland@mitrani.com
              Johanna Armengol    on behalf of U.S. Trustee    Office of the US Trustee
               Johanna.Armengol@usdoj.gov,   johanna.armengol@usdoj.gov
              Nathalie C. Rodriguez    on behalf of Creditor    Nationstar Mortgage LLC nrodriguez@rasflaw.com
              Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
              Peter D. Russin, Esq    on behalf of Creditor Andrea   Holland prussin@melandrussin.com,
               ltannenbaum@melandrussin.com;mrbnefs@yahoo.com;prussin@ecf.courtdrive.com;ltannenbaum@ecf.courtdr
               ive.com;phornia@ecf.courtdrive.com
              Peter D. Russin, Esq    on behalf of Creditor Brian   Holland prussin@melandrussin.com,
               ltannenbaum@melandrussin.com;mrbnefs@yahoo.com;prussin@ecf.courtdrive.com;ltannenbaum@ecf.courtdr
               ive.com;phornia@ecf.courtdrive.com
              Thomas G Neusom    on behalf of Debtor Nubia Marcella Perez tgnoffice35@gmail.com
              Utibe I Ikpe    on behalf of Creditor Brian   Holland uikpe@melandrussin.com,
               ltannenbaum@melandrussin.com;mrbnefs@yahoo.com
              Utibe I Ikpe    on behalf of Creditor Andrea   Holland uikpe@melandrussin.com,
               ltannenbaum@melandrussin.com;mrbnefs@yahoo.com
                                                                                             TOTAL: 10
```



ORDERED in the Southern District of Florida on October 4, 2018.

A. Jay Cristol, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:  Case No.: 18-15825-AJC

NUBIA MARCELLA PEREZ,  Chapter 11

      Debtors.
_____/

**FINDINGS OF FACT AND CONCLUSIONS OF LAW ON BRIAN AND ANDREA HOLLAND'S MOTION FOR SANCTIONS UNDER BANKRUPTCY RULE 9011 AND 11 U.S.C. § 105**

**THIS MATTER** came before the Court for an evidentiary hearing on September 28, 2018 upon Creditors, Brian Holland and Andrea Holland's ("*Landlord*") Motion for Sanctions under Bankruptcy Rule 9011 and 11 U.S.C. § 105 [ECF No. 25].

**INTRODUCTION**

On May 30, 2018, Landlord filed a Motion for Sanctions under Bankruptcy Rule 9011 and 11 U.S.C. § 105 against Debtor Nubia Marcella Perez ("*Debtor*") and her counsel, Thomas

1

Neusom ("***Neusom***")[1] alleging that Debtor and Neusom filed a bankruptcy petition in bad faith for the sole purpose of staying a state court eviction action brought by Landlord against A Plus Lamination and Finishing, Inc. At trial, the Landlord presented no evidence regarding actions taken by the Debtor, but it did present evidence that Debtor's attorney, Neusom, falsely advised Landlord's manager and Landlord's state court attorney that he had filed a bankruptcy petition on behalf of A Plus Lamination and Finishing, Inc., the defendant in the Florida county court eviction action. The Court, having considered the documentary evidence, witness testimony, and counsel's arguments, enters its findings of fact and conclusions of law as follows:

## FINDINGS OF FACT

1. Debtor is an individual, and a principal and (apparently) the sole owner of A Plus Lamination and Finishing, Inc. Ex. 19.[2]

2. A Plus Lamination and Finishing, Inc. is an active Florida Corporation, which entered a one-year commercial lease ("***Lease***") with Landlord to rent property located at 5559 NW 36th Avenue Miami, Florida 33142 ("***Property***"). Ex. 21.

3. The Lease's one-year term ran from August 1, 2017 to July 31, 2018. A Plus Lamination and Finishing, Inc. agreed to pay $8,666.67 in monthly rent plus sales tax and fees to lease the Property. *Id.*

4. A Plus Lamination and Finishing, Inc. defaulted on the Lease by failing to make the March 1, 2018 rent payment and subsequent payments. Ex. 1.

---

[1] Neusom's Florida Bar number is 37148.
[2] All referenced exhibits were admitted into evidence during the evidentiary hearing.

5. On April 13, 2018, Landlord initiated an eviction action against A Plus Lamination and Finishing, Inc. in the County Court in and for Miami-Dade County, Case No. 2018-008187-CC-05 ("*Eviction Action*").

6. On May 10, 2018, Judge Alexander Bokor ordered A Plus Lamination and Finishing, Inc. to deposit rent into the court registry ("*Deposit Order*"). Ex. 6.

7. The Deposit Order required A Plus Lamination and Finishing, Inc. (1) to deposit $9,000 by May 7, 2018; (2) to deposit $9,000 by May 14, 2018; and (3) to make timely deposits as additional rent became due. Under the Deposit Order, A Plus Lamination and Finishing, Inc.'s failure to make timely deposits would constitute "an absolute waiver of its defenses, other than payment or proof of payment, and [Landlord] shall be entitled to a Default/Default Final Judgment for Removal of A Plus Lamination and Finishing, Inc. and Writ of Possession to issue forthwith without the necessity of further hearing pursuant to Section 83.232, Florida Statutes."

8. Landlord and A Plus Lamination and Finishing, Inc. were also ordered to attend mediation on May 15, 2018 at 1:30 pm. *Id.*

9. A Plus Lamination and Finishing, Inc. failed to deposit into the court registry the $9,000 due on May 14, 2018, resulting in a waiver of defenses and entitling Landlord to immediate default final judgment and a writ of possession.

10. Neusom filed an Individual Chapter 11 bankruptcy petition ("*Petition*") with this Court on behalf of Nubia Perez on May 15, 2018, the day after A Plus Lamination and Finishing, Inc. failed to make the deposit required by the state court Deposit Order. D.E. 1. Neusom executed the Petition on page eleven as counsel for Nubia Perez. *Id.*

11. On page 2 of the Petition, Neusom alleged that Nubia Perez is a small business debtor that does business under the name "A Plus Lamination and Finishing, Inc." This is false.

3

A Plus Lamination and Finishing, Inc., the tenant in the eviction action, is a duly registered Florida corporation. It is not a trade name or a "doing business as" name. No evidence was presented that would establish A Plus Lamination and Finishing, Inc. is registered as a fictitious name for Nubia Perez.[3]

12. Despite the fact that A Plus Lamination and Finishing, Inc. was not in bankruptcy, and just hours before the mediation was scheduled to proceed on May 15, 2018, Neusom called Desiree Lindsay ("**Lindsay**"), Landlord's employee, and Joseph Colletti ("**Colletti**"), Landlord's Eviction Action counsel and advised them both that he filed a bankruptcy petition on behalf of A Plus Lamination and Finishing, Inc.

13. Neusom left a voice message for Lindsay advising her that he filed the Petition for A Plus Lamination and Finishing, Inc. Neusom also had two phone conversations with Colletti on May 15, 2018 where Neusom advised Colletti of A Plus Lamination and Finishing, Inc.'s bankruptcy filing, and Neusom's intent to file a suggestion of bankruptcy in the Eviction Action. He also asked Colletti for the Eviction Action case number on the second phone call.

14. Colletti having been orally advised by Attorney Neusom that A Plus Lamination and Finishing, Inc. filed a bankruptcy petition, he immediately filed a Notice of Cancellation of Mediation, stating, "Defendant has filed a petition for relief with the bankruptcy court." Ex. 8

15. Colletti's testimony was forthcoming, straight-forward, and credible. Colletti took contemporaneous handwritten notes during his conversations with Neusom. Ex. 25.

---

[3] Neusom filed additional pleadings in this case where he styled the bankruptcy case with Debtor's name as "Nubia Marcella Perez DBA A Plus Lamination." This Court believes that Neusom intended to give the impression that A Plus Lamination and Finishing, Inc. was in bankruptcy. *See* D.E.s 19, 38, 39 and 50.

4

16. On May 15, 2018, the state court entered an Order of Bankruptcy Stay and Closing Case. *See* Ex. 7.

17. During the June 20, 2018, 341 meeting of creditors, Neusom and the Debtor admitted that her bankruptcy petition was filed to stop the Eviction Action, an indicia of bad faith under *Phoenix Piccadilly* standards, *In re Phoenix Piccadilly, Ltd.,* 849 F.2d 1393 (11th Cir.1988):

```
 4        MR. NEUSOM:  Yeah.  Well, I guess the --
 5   really what happened was there was an eviction, and they
 6   were in the process of almost having a writ of possession,
 7   and so they did have to file.  There was also a
 8   garnishment of some funds.
 9            So, there was, there was an emergency
10   situation that participated the filing and required the
11   filing, and at this point we may be able to resolve these
12   issues outside of bankruptcy.  So we're going to probably
13   resolve -- dismiss the bankruptcy.
```

Ex.18.

```
 6        Q.  Okay.  Ms. Perez, the question was, what was
 7   the reason that you -- I understand that your company is
 8   not doing well.  Why did you file for bankruptcy?
 9            MR. NEUSOM:  Mention the eviction.
10            MS. ARMENGOL:  What was that?
11            MR. NEUSOM:  Can I talk to her?
12            MS. ARMENGOL:  Okay.
13            MR. NEUSOM:  You probably may want to talk
14   about the eviction and the garnishment.  I think those
15   were, like, what happened.
```

Ex. 18 at 10:6-15.

18. On June 28, 2018, this Court dismissed this case with prejudice, granting (1) Landlord's Motion to Dismiss the Chapter 11 Bankruptcy Petition for Bad Faith and Fraud on the Court and for Relief from the Automatic Stay [D.E. 24], (2) United States Trustee's Motion to Dismiss or Convert the Case [D.E. 46], and Debtor's Motion to Dismiss Bankruptcy [D.E. 49]. D.E. 52.

19. On July 2, 2018, with no erroneously alleged automatic stay in place, Landlord filed a Motion for Entry of Default Final Judgment in the Eviction Action, and the state court issued a Writ of Possession on July 31, 2018. Exs. 11 and 17.

20. Although Landlord obtained a writ of possession on July 31, 2018, A Plus Lamination and Finishing, Inc. did not vacate the premises until August 22, 2018.

21. Lindsay testified that Landlord had a tenant who wished to rent the Property on August 1, 2018, but because A Plus Lamination and Finishing, Inc. was still in the Property, the new tenant could not take possession. Landlord was forced to postpone the lease with the new tenant by one month, with the new lease commencing September 1, 2018. Ex. 24. Consequently, Landlord lost one month of rent under the new lease at $9,256.00.

22. As a result of Debtor and Neusom's filing of the Petition and Neusom's fraudulent representations of an alleged stay of the Eviction Action, Landlord hired the law firm of Meland Russin and Budwick, P.A. ("**MRB**") to represent it in the bankruptcy case and MRB has incurred $40,768.33 in legal fees. Ex. 22.

23. MRB's fees include, among other things, time for attending a 341 meeting of creditors; researching and drafting a Motion to Dismiss the Bankruptcy Petition for Bad Faith and Fraud on the Court; researching and drafting a Motion for Sanctions against Debtor and Neusom;

preparing for and attending a hearing on the Motion to Dismiss; preparing for and attending multiple hearings related to the Motion for Sanctions, which was continued twice at the request of Attorney Neusom; witness and exhibit preparation; numerous communications with Neusom, including settlement discussions and the preparation of an unexecuted settlement agreement. MRB also attended the three and one half hour evidentiary hearing on the Motion for Sanctions on Friday, September 28, 2018.

24. Colletti testified that he, too, filed additional motions and attended additional hearings in the Eviction Action that would not have been necessary had Neusom not misrepresented a bankruptcy stay was in effect. Colletti advised the state court of the dismissal of this case and resumed the Eviction Action. Ex. 14. Landlord paid Colletti an additional $2,000 in attorney's fees to complete the eviction and obtain the writ of possession, which had been delayed by Neusom's false statements.

25. Neusom argued that Colletti should have independently researched whether the Petition was properly filed in the name of A Plus Lamination and Finishing, Inc., rather than rely on Neusom's representations that A Plus Lamination and Finishing, Inc. filed bankruptcy.

26. Landlord presented the testimony of two credible witnesses, both of whom testified that Neusom told them he filed a bankruptcy petition on behalf of A Plus Lamination and Finishing, Inc.

27. Respondent rested without testifying or presenting any witnesses.

## CONCLUSIONS OF LAW

Landlord seeks sanctions against Debtor and Neusom under Bankruptcy Rule 9011 and 11 U.S.C. § 105. Bankruptcy Rule 9011 states:

7

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed **after an inquiry reasonable under the circumstances**,
>
> (1)  it is not being presented for any **improper purpose**, such as to harass or to **cause unnecessary delay** or **needless increase in the cost of litigation**;

(emphasis added). A sanction under this rule should deter repetition of misconduct. Sanctions may include non-monetary directives, as well as reimbursement of attorney's fees and other expenses.

The Court finds Neusom's argument, that Colletti had a duty to investigate the validity of Neusom's lie about A Plus Lamination and Finishing, Inc. filing for bankruptcy relief, to be misguided, disingenuous, and at odds with the unambiguous language of Rule 9011. Under Rule 9011, Neusom has the responsibility to sign and file a petition after reasonable inquiry and not for an improper purpose or to cause unnecessary delay. By filing the Petition, Neusom certified that he conducted a reasonable inquiry, and the Petition was not being brought for an improper purpose or to cause unnecessary delay. The Court and other members of the Bar should be able to rely on the representations of other licensed attorneys.

"The purpose of the automatic stay is to give the debtor breathing room. The automatic stay is not to be used as an abusive litigation tactic." *In re Smith*, 257 B.R. 344, 351 (Bankr. N.D. Ala. 2001) ("The petition is excluded from the safe harbor provision of Rule 9011 because its filing has immediate serious consequences."). In this case, however, the Debtor and Neusom used the Petition as an abusive litigation tactic. As the testimony at the 341 meeting reveals, and the testimonial and documentary evidence from trial indicates, Neusom filed the individual Petition on behalf of the Debtor, and included A Plus Lamination and Finishing, Inc. for the improper purpose of misleading the state court eviction counsel and the state court judge into staying the

Eviction Action. Neusom misrepresented Debtor's identity in her Petition by alleging that Nubia Perez was doing business as A Plus Lamination and Finishing, Inc., when A Plus Lamination and Finishing, Inc. is actually a registered Florida corporation.

Neusom's misrepresentation to Colletti [that A Plus Lamination and Finishing, Inc. was in bankruptcy when it was not] resulted in the cancellation of the May 15, 2018 mediation, and generated the entry of an Order implementing a non-existent automatic stay and withholding issuance of a writ of possession to which Landlord was entitled as of May 15, 2018. The timing of the filing of the Petition and the admissions at the 341 meeting indicate that Neusom filed the Nubia Perez Petition for the improper purpose of delaying the Eviction Action, which unnecessarily increased the cost of litigation. However, the evidence is not clear that Nubia Perez understood what Neusom was doing, and there was no evidence that Nubia Perez told any lie that contributed to the Landlord's counsel or the state court judge being misled. While Neusom knew or should have known that filing the Petition as a delay tactic was improper, the same cannot be said for the Debtor.

The Court has the inherent power to sanction bad faith conduct under 11 U.S.C. § 105. *In re IAMEC Funding, Inc.*, 236 B.R. 490, 491 (Bankr. M.D. Fla. 1999). The bad-faith filing of a bankruptcy petition is sanctionable under 11 U.S.C. § 105. *In re Hidalgo*, 96 B.R. 389, 390 (Bankr. S.D. Fla. 1988). Even more serious is lying to opposing counsel in an effort to mislead him, and ultimately the Court. Neusom's lies caused the Landlord to incur legal fees in the alleged amount of $40,768.33 to MRB and $2,000 to Colletti. Landlord also lost $9,256.00 in rent for the month A Plus Lamination and Finishing, Inc. held over possession of the Property. In total, Landlord claims it lost $52,024.33 because of Neusom's misconduct. The Court finds that not all the requested fees are compensable.

Based on the record and evidence admitted at the evidentiary hearing, the Court concludes that Attorney Thomas Neusom (Florida Bar number 37148) engaged in sanctionable, bad-faith conduct by (1) filing the Individual Chapter 11 Petition for the purpose of stopping the Eviction Action against a registered Florida corporation; and (2) misrepresenting Debtor's identity in the Petition to cause confusion. Neusom wrongfully obtained the benefit of the automatic stay for a non-debtor by misrepresenting to Lindsay and Colletti that A Plus Lamination and Finishing, Inc. was in bankruptcy, thereby obtaining the cancellation of the May 15, 2018 mediation and postponement of the issuance of the writ of possession.

Ironically, if Neusom had filed a bankruptcy petition on behalf of the corporation, he would have obtained a stay without having to lie. If Neusom filed a petition on behalf of A Plus Lamination and Finishing, Inc., the information he provided to Lindsay and Colletti would have been true and he would have achieved the same results that were produced in this case by lies. The Court is reminded of the old U.S. Marine Corp adage, "never attribute to malice that which can be explained by stupidity." It is therefore

**ORDERED AND ADJUDGED** that Landlord's Motion for Sanctions under Bankruptcy Rule 9011 and 11 U.S.C. § 105 is **GRANTED IN PART** as follows:

1. Neusom is liable to Landlord in the total amount of $31,256, representing $2,000 in legal fees to Colletti; $20,000 to MRB for legal fees and $9,256.00 for lost rent. If not paid within thirty (30) days, Landlord may request the entry of a final judgment for the sanctions awarded herein.

2. Neusom is ENJOINED from practicing bankruptcy in any bankruptcy court in the United States for a period of one (1) year from entry of this Order, after which Neusom may apply for readmission to bankruptcy practice upon compliance with all the Local

> Rules of the Court governing admission to practice and completing a total of eighteen (18) hours of Continuing Legal Education, consisting of twelve (12) hours of Continuing Legal Education in bankruptcy law and six (6) hours of ethics.

3. The Clerk of Court is directed to forward certified copies of this Order to The Florida Bar at 651 E. Jefferson Street, Tallahassee, Florida, 32399 and to the Honorable Alexander Bokor, County Court Judge, at Dade County Courthouse. 73 West Flagler Street, Miami, FL 33130

# # #

**Copies furnished by Clerk of Court to:**

**Debtor**
**Thomas Neusom, Esq.**
**Utibe Ikpe, Esq.**

Utibe I. Ikpe, Esquire is directed to serve copies of this Order on all parties in interest and to file a Certificate of Service.